UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE SCOTT, | : | 4:22-CV-0006 |
|   Plaintiff | : | |
| | : | (Mannion, D.J.) |
| v. | : | (Arbuckle, M.J.) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| et al., | : | |
|   Defendants | : | (Electronically filed) |

### RESPONSIVE BRIEF IN OPPOSITION TO THE
### *BIVENS* DEFENDANTS' MOTION TO DISMISS

## Introduction and Summary

The remaining *Bivens*[1] Defendants, Lt. Bodge and Lt. O'Kane, seek dismissal from this suit, which alleges wrongdoing by various Bureau of Prisons (BOP) officials. As they are forced to acknowledged, however, "[t]he instant motion **revisits grounds for dismissal** that the Court previously entertained in its July 20 and October 5 rulings." ECF No. 74 2, n.3 (emphasis added). Because "we are considering a motion to dismiss a complaint that was amended in response to a specific prior ruling by the court, a second legal consideration comes into play, the law of the case doctrine." *Saterstad v. Twp.*, 2021 WL 5817328, at *5 (M.D. Pa. Oct. 18,

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

2021) (Carlson, M.J.), *report and recommendation adopted in part*, No. 1:20-CV-0765, 2021 WL 5810495 (M.D. Pa. Dec. 7, 2021) (Rambo, J.).

Here, the *Bivens* Defendants concede that the underlying merits of their renewed motion to dismiss were previously addressed by the District Court, which squarely held "that the failure to protect *Bivens* claim arising under the Eighth Amendment did not present a new context" and "rejected the argument that [Defendants] Bodge and O'Kane were qualifiedly immune." ECF No. 74 at 2 (*citing* ECF Nos. 55, 63). As this Court "**should be loathe** to [revisit its prior decision] in the absence of **extraordinary circumstances** such as where the initial decision was clearly erroneous and would make a manifest injustice," *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (*quoting Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)), there is no basis for changing course at this stage.

Accordingly, the *Bivens* Defendants' Motion to Dismiss must be denied.

### **Factual Background**[2]

Mr. Scott is a current federal inmate formerly housed as USP-Canaan, located in Wayne County, Pennsylvania. Second Amended. Comp. ("SAC") at

---

[2] As the Motion to Dismiss is limited to the remaining *Bivens* claim, only the facts necessary to resolve that claim are recited here.

¶1. In the months leading up to January 2020, Mr. Scott lived in the Special-Housing Unit (SHU) "due to his underlying medical conditions and need for special medical treatment." The individuals named in the complaint—agents of the United States and the remaining individual *Bivens* Defendants—all knew or should have known of his medical conditions. *Id.* at ¶¶ 35, 50–52.

With respect to his Eighth Amendment, failure-to-protect claim, Mr. Scott routinely filed administrative complaints that "frustrate[d] BOP staffers," including Defendant Bodge, who punished and retaliated against Mr. Scott via punitive housing assignments with an extremely dangerous fellow inmate. SAC at ¶¶3–4, 41. Specifically, BOP staffers moved Jonathan Riley—who "had a well-known reputation" for visiting "unprovoked and violent attacked upon his cellmates and other individuals"—into Mr. Scott's tiny cell. *Id.* at ¶39.

Concerned for his safety and security, Mr. Scott told Lt. O'Kane about Lt. Bodge's retaliatory action. Lt. O'Kane, however, "denied this request and affirmed Lt. Bodge's decision." *Id.* at ¶43. Still, BOP staff had numerous chances to remedy this unconstitutional action via Mr. Scott's repeated "administrative requests," all of which were ignored. SAC at ¶44. Had Lt. Bodge, Lt. O'Kane, or any other BOP employee acted in accordance with Mr. Scott's Constitutional rights, this action could have been avoided.

On January 3, 2020, the defendants' actions bore their intended fruit: Riley viciously attacked Mr. Scott while a prison nurse, Defendant Kiddish, was giving Scott necessary medical supplies to treat his asthma, chronic obstructive pulmonary disease (COPD), and related respiratory ailments.

## Procedural Background

On January 3, 2022, Mr. Scott filed a Complaint pleading several *Bivens* claims against a total of eleven officials from the BOP. Those individual Defendants filed Motions to Dismiss and/or Summary Judgment. ECF Nos. 10 & 16. This Court issued a Report & Recommendation (R&R) suggesting that the District Court dismiss all the *Bivens* claims and defendants. ECF No. 42.

The District Court adopted this Court's R&R in large part and dismissed all by two of the *Bivens* Defendants from this action. As the remaining *Bivens* Defendants acknowledge, "the [District] Court also concluded that the failure to protect *Bivens* claim arising under the Eighth Amendment did not present a new context" and, additionally, "that Bodge and O'Kane were [not] qualifiedly immune." ECF No. 74 at 1–2 (*citing* ECF Nos. 55, 63). Indeed, the remaining *Bivens* Defendants expressly requested the District Court to rule on the issue of qualified immunity, and the District Court obliged by denying their claim of qualified immunity. *See* ECF Nos. 57

4

(motion for reconsideration and/or clarification), 58 (brief), 63 (District Court's Order resolving ECF No. 57).

After the matter was referred to this Court for further pre-trial proceedings, Mr. Scott filed a Second Amended Complaint (the controlling pleading) on November 17, 2023. ECF No. 71.[3] In accordance with the District Court's Order, ECF No. 55, Mr. Scott amended his complaint only to include information about his efforts to administratively exhaust his only remaining *Bivens* claim. *See* ECF No. 71, ¶¶ 94–95.

The remaining *Bivens* Defendants filed a Motion to Dismiss on December 1. ECF No. 73. Their only challenge to the new, exhaustion-based amendments is to argue that discovery be limited "to the matter of exhaustion before proceeding to the merits." ECF No. 74 at 18. Otherwise, they simply re-hash arguments previously considered by this Court and the District Court.

Mr. Scott opposes their motion, for the reasons stated below.

## Standard of Review

"When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable

---

[3] The Magistrate Judge permitted Mr. Scott to file a Second Amended Complaint after a telephonic phone conference during which the undersigned made an oral motion to amend. ECF No. 69.

5

inferences that can be drawn from them, viewed in the light most favorable to the plaintiff." *Railey v. Ebbert*, 407 F. Supp. 3d 510, 514 (M.D. Pa. 2019). While the remaining *Bivens* Defendants motion is brought pursuant to Rule 12(b)(6), the "law of the case" doctrine bars revisiting the underlying merits of the *Bivens* claim and, relatedly, qualified immunity.

"The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). *See In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002) ("The doctrine of the law of the case is similar [to issue preclusion] in that it limits relitigation of an issue once it has been decided."). It applies to subsequent motions to dismiss so long as "the district court has already ruled upon the elements needed to properly plead" a viable claim, *Saterstad*, 2021 WL 5817328 at *6, which is the case here. *See Savvy Dog Sys., LLC v. Pennsylvania Coin, LLC*, 2022 WL 4349829, *5 (M.D. Pa. Sept. 19, 2022) (Wilson, M.J.) (applying "law of the case" doctrine to subsequent motion to dismiss and refusing to conduct the same "analysis again here").

A party seeking to avoid the same outcome must therefore show that "extraordinary circumstances" warrant revisiting issues previously decided by the District Court. For example, "the law of the case doctrine does not

preclude a court from revisiting its own decisions or one of a coordinate court where (1) new evidence is available or (2) a supervening new law has been announced." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439. Because the remaining *Bivens* Defendants have not proffered any new evidence related to the merits of the remaining *Bivens* claim, nor pointed to any new controlling law from either the Supreme Court or the U.S. Court of Appeals for the 3rd Circuit, the pending motion to dismiss must be denied.

## Argument

"As a threshold issue, [Mr. Scott] addresses the law of the case doctrine. The doctrine embodies a prudential policy counseling in favor of a court not re-deciding issues that it earlier resolved in the case" and applies "to the court's own prior decisions" in the same litigation. *Shovlin v. Klaas*, 555 B.R. 500, 507 (W.D. Pa. 2016). The remaining *Bivens* Defendants acknowledge that "[t]he instant motion **revisits grounds for dismissal that the Court previously entertained in its July and October 5 rulings**." ECF No. 74 at 2, n.3 (emphasis added). They also admit that the District Court "concluded that the failure to protect *Bivens* claim [against Defendants Bodge and O'Kane] arising under the Eighth Amendment did not present a new [*Bivens*] context." *Id*. at 2. In addition, they also note that the

7

District Court "rejected the argument that Bodge and O'Kane were qualifiedly immune." *Id.*

It is undisputed that the *Bivens* Defendants are asking this court to "revisit grounds" previously adjudicated by the District Court. The "law of the case" doctrine therefore applies, and the instant motion should be denied as there is no compelling reason to depart from the District Court's prior ruling on these identical issues.

Most fundamentally, the *Bivens* Defendants do not point to any "extraordinary circumstances" that would warrant a different outcome. *Shovlin*, 555 B.R. at 507 ("[A]bsent extraordinary circumstances, a court should be loath to revisit its prior decision in the same case though it has the power to do so."). Specifically, their argument that Mr. Scott's "failure to protect claim is meaningfully distinct from *Bivens*" and its progeny does not rely on any new evidence, nor does it cite any new controlling law that would compel a different result. ECF No. 74 at 5–6. Rather, the *Bivens* Defendants rely on a series of District Court cases from Mississippi, West Virginia, South Carolina, North Carolina, and Texas to support their argument. *Id.* In addition, they again attempt to distinguish this matter from *Bistrain v. Levi*, 912 F.3d 79 (3d Cir. 2018) and *Shorter v. United States*, 12 F.4th 366 (3d Cir. 2021). ECF No. 74 at 10–15.

Unfortunately for the remaining *Bivens* Defendants, these cases do not constitute "a supervening new law." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439. For example, in *Savvy Dog Systems*, the trial court concluded that new, unpublished precedent from the Court of Appeals for the Federal Circuit was not "supervening new law" in the context of a patent litigation (the Federal Circuit handles most appeals from patent litigation). 2022 WL 4349829 at *5. In that case, the court deemed it appropriate to apply the "law of the case" doctrine where it previously "conducted a full analysis of [same issue] in ruling on the motion to dismiss and no extraordinary circumstance justifies revisiting that ruling." *Id.*

Here, too, the remaining *Bivens* Defendants expressly ask this court to "revisit" several issues previously decided by the District Court between the same parties (Mr. Scott, Lt. Bodge, and Lt. O'Kane), in the same litigation, and, indeed, involving the identical claim (a *Bivens* failure-to-protect claim). ECF No. 74 at 2, n.3.[4] This scenario falls squarely within the "law of the case" doctrine. *Casey v. Planned Parenthood of Se. Pennsylvania*, 14 F.3d 848, 856 (3d Cir. 1994) ("Law of the case rules have developed 'to maintain

---

[4] The remaining *Bivens* Defendants implicitly concede the "law of the case" doctrine is appropriate here, at least in part. While they seek a wholesale review of the *Bivens* claim on the merits, they also clarify they are not asking for "the Court **to revisit** whether Plaintiff first should be afforded an opportunity to engage in discovery to develop his 'thwarting' theory." ECF No. 74 at 18 (emphasis added).

9

consistency and avoid reconsideration of matters once decided **during the course of a single continuing lawsuit**.'" (emphasis added) (quoting Charles A. Wright et al., 18 Federal Rules and Practice § 4478 (1981)).

Moreover, courts within this district and elsewhere routinely apply the "law of the case" doctrine to previous rulings at the motion to dismiss phase absent "extraordinary circumstances." *See Rosa-Diaz v. Rivello*, No. 1:19-CV-1914, 2022 WL 819222, at *5 (M.D. Pa. Jan. 25, 2022) (Carlson, M.J.)[5] (applying "law of the case" doctrine to claims previously dismissed where party did not assert new facts or law in support); *Savvy Dog Systems*, 2022 WL 4349829 at *5 (applying "law of the case" doctrine to subsequent motion to dismiss and adopting prior analysis where no new evidence or law was proffered); *Expotech Eng'g, Inc. v. Cardone Indus., Inc.*, 2020 WL 4504441, at *3 (E.D. Pa. Aug. 5, 2020) (Beetlestone, J.) (denying subsequent motion to dismiss (in part) under the "law of the case" doctrine and affirming that prior analysis was not altered by information contained in a counter-claim).

Like the above-cited cases, the parties previously raised these same issues before the District Court in a full round of briefing on objections to this Court's R&R, ECF Nos. 49, 54, 56, and a subsequent motion for reconsideration and/or clarification raised by the same *Bivens* Defendants,

---

[5] *Report and recommendation adopted*, 2022 WL 808492 (M.D. Pa. Mar. 16, 2022) (Rambo, D.J.).

ECF Nos. 58, 61, 62. These briefs included serial citations to and discussions of *Bistrain* and *Shorter*—the same cases the remaining *Bivens* Defendants cite in support of their current motion. ECF No. 74 at 10–15 (discussing and distinguishing *Bistrain* and *Shorter*). There is simply no basis to revisit these issues yet again. *See Dopico v. IMS Trading Corp*, 2018 WL 623666, at *3 (D.N.J. Jan. 30, 2018) (Arpert, M.J.) (concluding "law of the case" applied, in part, because same issue was previously decided by the District Court after an appeal of the Magistrate Judge's R&R).

Presumably, the remaining *Bivens* Defendants will argue that allowing this claim to proceed against them "would work a manifest injustice," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, (1988), because "government official otherwise entitled to immunity [would be] nonetheless subjected to 'the burdens of such pretrial matters as discovery.'" *Oliver v. Roquet*, 858 F.3d 180, 188 (3d Cir. 2017) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Here, however, discovery will proceed regardless because the United States—a separate party to this action—has been sued for conduct that is substantially aligned with this *Bivens* claim. ECF No. 71 (complaint), 72 (United States' answer).

11

As there is significant overlap between the actors, events, claims, and motives, the typical concerns about subjecting individual federal actors to pre-trial discovery are simply not present here. In other words, there is no risk of "needless expenditure of the parties' and the courts' time and resources" because these issues are going to be litigated regardless of whether the individual *Bivens* Defendants remain. *Bistrian*, 912 F.3d at 89. Thus, this Court should reject the remaining *Bivens* Defendants' request to limit discovery "to the matter of exhaustion before proceeding to the merits." ECF No. 74 at 18.

## Conclusion

For the foregoing reasons, Mr. Scott respectfully requests that this Court deny the remaining *Bivens* Defendants pending motion to dismiss. A proposed order is attached.

**KECHES LAW GROUP, P.C.**

By: _____
Christopher P. Lynett, Esquire
Attorney for Plaintiff
610 Sentry Parkway, Suite 130
Blue Bell, Pennsylvania 19422
(215) 857-9137
clynett@kecheslaw.com

Date: December 14, 2023

# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE SCOTT,** | : | 4:22-CV-0006 |
| Plaintiff | : | |
| | : | (Mannion, D.J.) |
| v. | : | (Arbuckle, M.J.) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| et al., | : | |
| Defendants | : | (Electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby affirms that on December 14, 2023, a copy of the foregoing motion was served by electronic service pursuant to Local Rule 5.7 and Standing Order 04-6, ¶12.2 to the following individual(s):

Richard Euliss
Assistant United States Attorney
Middle District of Pennsylvania

                                        **KECHES LAW GROUP, P.C.**

                                        By:_____
                                        Christopher P. Lynett, Esquire
                                        Attorney for Plaintiff
                                        610 Sentry Parkway, Suite 130
                                        Blue Bell, Pennsylvania 19422
                                        (215) 857-9137
                                        clynett@kecheslaw.com

Date: December 14, 2023