GMK:RDE:cer

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE SCOTT,** | : | 4:22-CV-0006 |
|     **Plaintiff** | : | |
| | : | |
| v. | : | (Arbuckle, M.J.) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| et al., | : | |
|     **Defendants** | : | (Electronically filed) |

## REPLY IN SUPPORT OF
## *BIVENS* DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

*Bivens* jurisprudence has undergone seismic changes in recent years, and while much is now settled, several areas remain controversial and hotly contested. Chief among those (at least in the Third Circuit) is whether a *Bivens* remedy exists under the Eighth Amendment in the context of an alleged failure to protect one inmate from another. In 2018, the Third Circuit ruled in *Bistrian v. Levi*, 912 F.3d 79 (3d Cir. 2018) that one does exist. The *Bistrian* court reached that result by treating *Farmer v. Brennan*, 511 U.S. 825 (1994) as a fourth established *Bivens* context, despite repeated, unequivocal Supreme Court precedent omitting *Farmer* as

an established category. Many courts have since rejected *Bistian*'s reasoning and held that failure to protect claims are not a recognized context.[1]

In a similar vein, as this Court aptly observed when ruling on the *Bivens* Defendants' motion to dismiss the original complaint, Dkt. No.55 ("Ruling"), "in the Third Circuit's view, *Bivens* claims include a failure to protect claim arising under *Farmer*, even though *Farmer* has been conspicuously absent from the Supreme Court's *Bivens* jurisprudence. It is not clear how many Supreme Court *Bivens* cases that exclude *Farmer* it will take before the Third Circuit interprets the exclusion as intentional." Dkt. No. 55 at 6. The Court's Ruling nevertheless treated *Farmer* as an established *Bivens* category, presumably because *Bistrian* has not been directly overturned.[2] While the Court could have abided by *Bistrian* in its Ruling while still dismissing Plaintiff's failure to protect claim as arising in a  context

---

[1] *Bistrian*'s reliance on *Farmer* has been roundly criticized by other circuit courts, especially in the wake of *Egbert*. *See Mays v. Smith*, 70 F.4th 198, 203-04 (4th Cir. 2023); *Marquez v. C. Rodriguez*, 81 F.4th 1027, n.2 (9th Cir. 2023). District courts outside of the Third Circuit have expressed similar disagreement. *See*, *e.g.*, *Palmer v. Gardner*, 2023 WL 3231614, at *4 (N.D. Iowa May 3, 2023) ("The Supreme Court carefully enumerated the cases it did; had it intended to extend the reach of *Bivens* actions to include *Farmer*, it would have said so"); *Johnson v. Santiago*, 624 F.Supp.3d 295, 300-01 (E.D.N.Y. 2022) ("The Supreme Court's omission of *Farmer* from the list of recognized *Bivens* contexts is unsurprising because *Farmer* did not address the question of whether a *Bivens* remedy should be implied under the Constitution.").

[2] Later the Third Circuit in two separated cases ignored *Farmer* as an established *Bivens* context. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *Mammana v. Barben*, 856 F. App'x 411, 414 (3d Cir. 2021).

different from *Farmer* (as the *Bivens* Defendants argued and as other courts have concluded in analogous circumstances), it nevertheless found the contexts not to be meaningfully different.

Had the Court allowed the failure to protect claim in the original complaint to proceed given its conclusion that a remedy did exist, the *Bivens* Defendants could have pursued an interlocutory review. *See Graber v. Doe II*, 59 F. 4th 603, 610 (3d Cir. 2023) (a denial of a motion to dismiss a *Bivens* claim is immediately appealable if tethered to a qualified immunity defense). The Court, however, dismissed that claim on alternative grounds – albeit with leave to amend – meaning that any interlocutory appeal challenging the existence of a *Bivens* remedy likely would have been immediately remanded for seeking an advisory opinion.

Plaintiff has since re-pled the failure to protect claim. *See* Dkt. No. 71. The *Bivens* Defendants, therefore, move again to dismiss arguing that there is no available *Bivens* remedy and that they are qualifiedly immune. As they explained in their opening brief, Dkt. No. 74, the *Bivens* Defendants renewed their motion not as a dilatory, wasteful tactic, but because they must do so to preserve their ability to take an interlocutory appeal on the questions of whether there is a recognized *Bivens* remedy in this context and whether they are entitled to qualified immunity. The Court should grant the motion because Plaintiff's putative *Bivens* claim arises in a

new context and special factors counsel hesitation or, alternatively, because the *Bivens* Defendants are qualifiedly immune.

## ARGUMENT

### The Court Can, and Should, Dismiss the Failure to Protect Claim Despite the Law of the Case Doctrine

Plaintiff's brief in opposition, Dkt. No. 75, relies almost exclusively upon the law of the case doctrine to oppose dismissal. But the unique procedural history that led the *Bivens* Defendants' to renew their motion does not preclude the Court from revisiting its prior analysis. "The [law of the case] doctrine does not restrict a court's power but rather governs its exercise of discretion." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (citations omitted). The doctrine, thus, does not abridge a court's "discretion to consider an issue," which a court "should exercise . . . whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Id*. (internal quotations omitted).

Allowing Plaintiff's failure to protect claim to proceed would lead to an "unjust result" here. Earlier this year, Judge Kane fully adopted a well-reasoned Report and Recommendation prepared by Magistrate Judge Mehalchik concluding that there was no failure to protect *Bivens* claim under the Eighth Amendment because the context was "meaningfully different from *Farmer*." *See Milhouse v. Heath*, 2022 WL 18860932, at *9 (M.D. Pa. Dec. 30, 2022), *report and recommendation adopted*, 2023 WL 2212987 (M.D. Pa. Jan. 24, 2023). The

4

allegations in *Milhouse* are analogous to those here. Given the outcome in *Milhouse*, allowing the failure to protect claim to proceed in this case would be an "unjust result" because it would expose the *Bivens* Defendants to discovery and the specter of individual liability even though the similarly situated individual defendants in *Milhouse* were spared such hazards.

Also relevant – and though the *Bivens* Defendants do not invoke the "supervening new law" exception to the law of the case doctrine, *see In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d at 439 – they do highlight a pending appeal in the Third Circuit involving a claim that arises in the same context as this case, and in which the court *sua sponte* requested briefing "to address whether a *Bivens* remedy exists as to [Plaintiff's] Eighth Amendment failure-to-protect claims in light of [*Farmer*] and *Egbert v. Boule*, 142 S. Ct. 1793 (2022)."[3] *See Rinaldi v. United States, et al.*, Case No. 21-2298, Doc. 26 (3d Cir.) (emphasis added). It appears, therefore, to be an open question whether the Third Circuit will continue to treat *Farmer* as an established *Bivens* context.

Given that *Bivens* claims impose individual liability – and given the inconsistent treatment of *Bistrian* and *Farmer* in this District – it would be unjust to allow these claims to proceed to discovery[4] while there is a pending appeal that

---

[3] *Bistrian* preceded *Egbert*.
[4] Plaintiff's argument that discovery on the United States' claims will be "substantially aligned" with discovery into the *Bivens* claim is incorrect. *See* Dkt.

5

might provide clarity on the continued viability of failure to protect claims in federal prisons. While it remains to be seen whether *Rinaldi* will change the relevant landscape in the Third Circuit – and assuming this Court does not otherwise use this occasion to reconsider whether Plaintiff's allegations are meaningfully distinct from *Farmer* – the Court alternatively should exercise its discretion to withhold its ruling on the instant motion pending the outcome in *Rinaldi*.

---

No. 75 at 11. The Court has already dismissed the claim against the United States pertaining to Plaintiff's cellmate assignment, while the claim against the United States stemming from the use of chemical munitions has survived. The *opposite* is true for the *Bivens* claims. Thus, the claim against the United States will delve into areas completely distinct from those regarding the claim against the remaining *Bivens* Defendants. The Court, therefore, should limit discovery regarding the *Bivens* claim to the matter of exhaustion before proceeding to the merits. *Small v. Camden Cnty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013).

## **CONCLUSION**

For all the reasons stated above and in the Bivens Defendants' opening brief, the Court should dismiss the sole remaining *Bivens* claim with prejudice.

    Respectfully submitted,

    GERARD M. KARAM
    United States Attorney

    /s/Richard D. Euliss
    RICHARD D. EULISS
    Assistant U.S. Attorney
    DC 999166
    CYNTHIA E. ROMAN
    Supv. Paralegal Specialist
    240 West Third Street, Suite 316
    Williamsport, PA 17701
    Phone:  717-221-4462

Dated: December 28, 2023    Fax: 717-221-4493

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE SCOTT,** | : | 4:22-CV-0006 |
| **Plaintiff** | : | |
| | : | |
| v. | : | (Arbuckle, M.J.) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| et al., | : | |
| **Defendants** | : | (Electronically filed) |

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on December 21, 2023, she served a copy of the attached

### REPLY IN SUPPORT
### OF MOTION TO DISMISS

by electronic service pursuant to Local Rule 5.7 and Standing Order 04-6, ¶ 12.2 to the following individual(s):

Addressees:

Christopher Lynett
Clynett@KechesLaw.com

                                              Cynthia E. Roman
                                              Cynthia E. Roman
                                              Supv. Paralegal Specialist